IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02462-GPG

CESAR LANDA-OLMOS,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in her official capacity, and
DAWN CEJA, Warden of Denver Contract Detention Facility

      Respondents.

---

**TEMPORARY RESTRAINING ORDER**

---

Before the Court is Petitioner-Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (D. 2). The Court GRANTS IN PART the motion as follows:

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued

1

on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate Respondents will not, under current policy, provide Petitioner with a bond hearing (*see* D. 1 at 4). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). To protect the status quo, the Court enters this TRO enjoining Respondents from removing Petitioner from the United States or transferring him out of Colorado.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

It is FURTHER ORDRED that, to the extent they have not yet done so, Petitioner's counsel is directed to serve Respondents with a copy of the Petition and accompanying papers, Petitioner's Motion for a TRO (D. 2), and a copy of this Order; and (2) promptly file proof of such service on the docket.  Counsel for Respondents shall promptly enter notices of appearance, and, within 7 days of service as set out above, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted.  Petitioners shall then have 14 days in which to file a reply.

DATED June 4, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge