IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02462-GPG

CESAR LANDA-OLMOS,

  Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity;
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity;
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

  Respondents.

---

**ORDER**

---

Before the Court is a Petition for Writ of Habeas Corpus (D. 1). The Court GRANTS IN PART the petition. Because the briefing demonstrates that Petitioner Cesar Landa-Olmos's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

## I. BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-

1

TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025).  Petitioner seeks release or, in the alternative, a bond hearing (D. 1).

This civil action arises from Petitioner's detainment at Immigration and Customs Enforcement's (ICE) Denver Contract Detention Facility in Aurora, Colorado pending a determination in his removal proceedings.[1]  Petitioner entered the United States around 2007 (D. 1 at ¶ 2).  On May 12, 2026, Petitioner was arrested by ICE during an operation conducted in a public area and placed in detention (*id.* at ¶ 3).  He filed this habeas case arguing that his continued detention is in violation of the Immigration and Nationality Act, the Administrative Procedure Act, the Fifth Amendment, the Suspension Clause, and the *Accardi* Doctrine (D. 1).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  ANALYSIS

This Petition raised legal issues that the Court resolved in favor of petitioners on many prior occasions.  *E.g.*, *Batz Barreno*, 2025 WL 3190936, at *3.  In recognition of this, Respondents filed a Response noting their disagreement with the Court's past rulings (D. 12).  The Court remains firmly convinced that the Court and the other majority[2] of Judges in the District who have

---

[1] The Court draws the operative facts as set forth in the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1).

[2] In *Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. April 15, 2026), Chief Judge Daniel D. Domenico denied habeas relief to a petitioner apprehended near the border (*id*. at 2).

addressed the issues raised here have correctly decided those and incorporates their analysis from these prior cases. *Garcia Cortes*, 2025 WL 2652880, *1–*4; *Batz Barreno*, 2025 WL 3190936, *1–*3; *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720-RMR, 2025 WL 2962908, at *4–*9 (D. Colo. Oct. 17, 2025). Accordingly, the Court finds that Petitioner is entitled to a bond hearing that has not been provided in violation of due process.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order and Respondents have the responsibility to ensure that the government applies those burdens. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED June 16, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge